UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ERIC VON DRAKE | CIVIL ACTION NO. 08-0038 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| EDGAR LYNN ROGERS, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Plaintiff Eric Von Drake ("Drake") has filed the instant civil rights lawsuit against several defendants alleging that they discriminated against him based on his race. Three of those defendants, Roy L. Brun, District Judge; Charles R. Scott, District Judge; and Ronald Lee Irvin, City Judge; have filed the instant motion to dismiss Drake's suit against them. For the reasons which follow, the motion is **GRANTED**.

**I.   STANDARD PURSUANT TO FRCP 12(B)(6).**

A defendant may challenge a complaint by filing a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). In assessing the motion, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir.2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir.2007)(*quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)).

A district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." Conley v. Gibson, 78 S.Ct. 99, 101-02 (1957).  However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993).  Finally, a Rule 12(b)(6) motion "may be used to challenge the entire complaint or only part of a pleading, such as a single count or a claim for relief." Doe v. Sabine Parish School Board, 24 F.Supp.2d 655, 658 (W.D. La. 1998)(Stagg, J.).

With these principles in mind, we now turn to a review of the claims at issue in the instant case.

## II.   LAW AND ANALYSIS.

Defendants' motion to dismiss is based upon several grounds, all of which only apply to judges who are acting in their official capacities.  Specifically, the defendants contend that Drake's claims against them should be dismissed based on: (1) the Federal Courts Improvement Act of 1996 (which bars injunctive relief against a judicial officer for an act or omission taken in his judicial capacity); (2) the Rooker-Feldman doctrine (which denies federal district courts jurisdiction to collaterally attack state court judgments; (3) Eleventh Amendment immunity (which prevents suits against state officials in their official capacity); and (4) judicial immunity (which shields judicial officers acting in their official capacity from claims for damages).

The Fifth Circuit has clearly outlined the law concerning judicial immunity:

> Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " Id. at 10, 112 S.Ct. 286 (citation omitted). Judicial

> immunity is not overcome by allegations of bad faith or malice and "*applies even when the judge is accused of acting maliciously and corruptly*." Id. at 11, 112 S.Ct. 286 (internal quotation marks and citation omitted) (emphasis added). "It is the Judge's actions alone, not intent, that we must consider." Malina v. Gonzales, 994 F.2d 1121, 1125 (5th Cir.1993). Notwithstanding the aforementioned, judicial immunity can be overcome in two sets of circumstances: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12, 112 S.Ct. 286 (citations omitted).
>
> In determining whether a judge acted outside the scope of his or her judicial capacity, the first set of circumstances articulated in Mireles, a district court is required to consider four factors to discern whether a judge's actions are in fact "judicial in nature":
>
> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.
>
> Malina, 994 F.2d at 1124 (citation omitted). These factors are broadly construed in favor of immunity. Id.

Ballard v. Wall, 413 F.3d 510, 515 (5th Cir. 2005).

The general rule is that judicial officers are entitled to immunity from suits for damages. See, e.g., Stump v. Sparkman, 435 U.S. 349, 355, 98 S.Ct. 1099, 1104 (1978). Nevertheless, judicial officers may be liable for damages if they act in the "clear absence of all jurisdiction," id. at 357, 98 S.Ct. at 1105, or if they engage in nonjudicial acts. Id. at 360, 98 S.Ct. at 1106. The Supreme Court has held, for instance, that if a judicial officer exceeds his authority in a type of case that he normally has jurisdiction to hear, the officer has not acted in the clear absence of all jurisdiction. See Stump, 435 U.S. at 357 n. 7, 98 S.Ct. at 1105 n. 7; see also Lopez v. Vanderwater, 620 F.2d 1229, 1234 (7th Cir.). The

Supreme Court has specifically held that the commission of grave procedural errors, including those involving due process, does not constitute judicial action taken in the clear absence of all jurisdiction. See Stump, 435 U.S. at 359, 98 S.Ct. at 1106; see also Lopez, 620 F.2d at 1234.

Drake argues that the defendants are not entitled to immunity because they were not acting in their official capacities. Accordingly, the Court must consider the facts as alleged by Drake and determine whether the conduct of which he complains was taken in an official capacity. The Court will review the allegations against each of the defendants *ad seratim*.

### A. Defendant Roy L. Brun, District Judge.

Drake's complaint complains of the following acts committed by Judge Brun:

(1) refusing to hear any of Drake's cases [Doc. No. 1 at ¶ 3.4]; and

(2) conspiring to prevent Drake from obtaining a just and fair hearing on account of his race [Id. at ¶ 3.7].

Based on the law cited above, Judge Brun's alleged conduct clearly fell within his official capacity. The conduct falls within the ambit of normal judicial functions and centered around a case pending before the court. Drake's allegation that Judge Brun's conduct did not occur "from the bench" does not render it non-judicial. Further, Drake does not allege that Judge Brun had no jurisdiction or that he acted beyond that jurisdiction. The Supreme Court has held that even grave procedural errors which involve due process fall within the ambit of judicial acts subject to judicial immunity. Accordingly, the Court finds that Judge Brun is immune from Drake's claims.

**B.   Defendant Charles R. Scott, District Judge.**

Drake's complaint complains of the following acts committed by Judge Scott:

(1)   refusing to apply the law correctly when Drake filed a Partition [Id. at ¶ 3.4];

(2)   conspiring to prevent Drake from obtaining a just and fair hearing on account of his race [Id. at ¶ 3.7];

(3)   lying to protect another party in a suit before him [Doc. No. 21 at 3].

Again, based on the applicable law, Judge Scott's alleged conduct was clearly judicial action. Drake does not allege that Judge Scott had no jurisdiction or that he acted beyond that jurisdiction. Additionally, this Court lacks jurisdiction under the Rooker-Feldman doctrine to entertain a collateral attack against the state court judgment by Judge Scott of which Drake complains. Indeed, these are the very types of claims that judicial immunity was designed to prevent. The Court finds that Drake's claims against Judge Scott must be dismissed.

**C.   Defendant Ronald Lee Irvin, City Judge.**

Drake's complaint complains of the following acts committed by Judge Irvin:

(1)   refusing to compensate Drake in a case where the law was clearly on his side on account of his race [Id. at ¶ 3.6];

(2)   conspiring to prevent Drake from obtaining a just and fair hearing on account of his race [Id. at ¶ 3.7].

As shown above, the conduct of which Drake complains was clearly judicial action. Judge Irvin is entitled to immunity against Drake's attempt to collaterally attack his judgment against him.

As the Court finds that these defendants are entitled to absolute judicial immunity, it need not address the remaining defenses asserted.

**III. CONCLUSION.**

For the foregoing reasons, the claims against Judges Brun, Scott, and Irvin are **DISMISSED WITH PREJUDICE**.

Therefore:

**IT IS ORDERED** that the defendants' Motion to Dismiss [Doc. No. 10] is hereby **GRANTED**, and Drake's claims against defendants Roy L. Brun, District Judge; Charles R. Scott, District Judge; and Ronald Lee Irvin, City Judge; are hereby **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this 13th day of June, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE