UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ERIC VON DRAKE | CIVIL ACTION NO. 08-0038 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| EDGAR LYNN ROGERS, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Plaintiff Eric Von Drake ("Drake") has filed the instant civil rights lawsuit against several defendants alleging that they discriminated against him based on his race. Drake has also sued Edgar Lynn and Angela Rogers ("the Rogers") for damages to his property and intentional infliction of emotional distress.[1] The Rogers have filed a motion to dismiss and for summary judgment. [Doc. No. 30]. For the reasons which follow, the motion is **DENIED**.

Drake alleges that the Rogers destroyed personal property belonging to him which valued over $3,500. [Doc. No. 1 at ¶ 3.10]. He also claims they caused "willful and intentional damages" to his personal property and gave away or sold moveable property which they owned in common. [Id. at ¶ 3.11]. His lawsuit makes state law claims against

---

[1] Drake is no stranger to federal court. He has filed four lawsuits seeking to restore his Second Amendment rights after a criminal conviction (see Drake v. U.S., 2007 WL 1182847 (E.D. La.); a lawsuit seeking damages from an automobile accident (which also named the presiding judge who ruled against him as a defendant; see Von Drake v. Liberty Mut. Automotive Ins. Co., 2006 WL 1075244 (E.D. Tex.); a lawsuit against a former employer for discrimination (see Von Drake v. Dana Nat., Inc., 2004 WL 2804894 (N.D. Tex. 2004); a lawsuit against a television network for not selecting him as a finalist for a singing competition produced by the Today Show (see Von Drake v. National Broadcasting Co., Inc., 2004 WL 1144142 (N.D. Tex.); and a civil rights lawsuit against Core, Inc. (see Drake v. Core, Inc., 2002 WL 923922 (N.D. Tex.).

the Rogers for damages to his property and for intentional infliction of emotional distress [Id. at ¶¶ 4.15 - 4.17].

The Rogers claim that these claims are *res judicata*, having already been litigated in state court. However, the Court does not have the benefit of the state court records to review for a determination as to whether the claims asserted in the instant suit are the same as in the state suit. Accordingly, the Rogers' motion must be denied. However, the parties are free to file another motion for summary judgment, accompanied by appropriate supporting evidence, on this same issue.

Therefore:

**IT IS ORDERED** that the defendants' motion to dismiss and for summary judgment [Doc. No. 30] is hereby **DENIED**.

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this 13th day of June, 2008.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE