UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ERIC VON DRAKE                              CIVIL ACTION NO. 08-cv-0038

VERSUS                                      JUDGE HICKS

EDGAR LYNN ROGERS, ET AL                    MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Eric Von Drake ("Plaintiff") filed this civil action, without representation by counsel, against several state and city court judges as well as Edgar and Angela Rogers. Mr. and Mrs. Rogers, also proceeding without representation by counsel, have filed a Motion to Dismiss and for Summary Judgment (Doc. 30) that is now pending before Judge Hicks. They also filed a Motion for Sanctions (Doc. 29) that was noticed for the undersigned. It is recommended, for the reasons that follow, that the Motion for Sanctions be denied.

The Rogers' Motion for Sanctions relies upon Fed. R. Civ. Proc. 11. That rule states:

> The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. Proc. 11(c)(2). This rule, often called the safe-harbor provision, affords the party against whom sanctions are sought the opportunity to timely withdraw the challenged contention and avoid sanctions.

Mr. and Mrs. Rogers did not serve their Motion for Sanctions and wait 21 days before filing with the court. Rather, they represent in Paragraph 1 of their motion, they served an answer to the complaint and "also sent the first page of a draft motion for sanctions" that informed Plaintiff that the Rogers would ask for sanctions if Plaintiff did not withdraw his complaint. The one-page partial draft can be seen in the record where it was filed as an exhibit to a reply memorandum (Doc. 37). The page is not the same as the first page of the motion that Mr. and Mrs. Rogers actually filed, and it ends just after promising to provide the reasons behind the motion.

"The plain language of the [safe harbor] rule indicates that this notice and opportunity prior to filing is mandatory. Elliott v. Tilton, 64 F.3d 213, 214 (5th Cir. 1995) (reversing sanctions award for lack of compliance). The Fifth Circuit recently addressed a case in which the movant did not serve an actual motion but did send warning letters before filing a motion for sanctions. The Fifth Circuit, applying the bankruptcy corollary to Rule 11, held that the warning letters were not adequate because the plain language of the rule "mandates that the movant serve the respondent with a copy of the *motion* before filing it with the court." In Re: Pratt, __ F.3d __, 2008 WL 933633, *4 (5th Cir. 2008). The Court added that it has "continually held that strict compliance with Rule 11 is mandatory." Id.

The movants' service of a cover-page for a motion for sanctions (that did not match the motion that was later filed) did not comply with the plain requirement of Rule 11 that they serve a copy of the motion. The demand letters discussed in Pratt likely provided more

meaningful and substantive information than the partial draft that was served in this case. If the demand letters in Pratt were inadequate, then the one-page and one-paragraph piece of a motion that was served in this case is also inadequate.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Sanctions (Doc. 29) be **denied**.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of June, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE