**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| ERIC VON DRAKE | CIVIL ACTION NO. 08-0038 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| EDGAR LYNN ROGERS, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Plaintiff Eric Von Drake ("Drake") has filed the instant civil rights lawsuit against several defendants alleging that they discriminated against him based on his race. Plaintiff's claims against several of the defendants have already been dismissed. The only remaining claims are Drake's federal claims against Clerk of Court Gary Loftin and his state tort law claims against Edgar Lynn and Angela Rogers ("the Rogers").[1] The Rogers have filed a motion to dismiss and for summary judgment. [Doc. No. 50]. For the reasons which follow, the claims against Gary Loftin are **DISMISSED** and the motion filed by the Rogers is **GRANTED.**

---

[1]Pages 11 and 12 of the defendants' brief lists many of Drake's state lawsuits. The Court also notes that Drake has filed four federal lawsuits seeking to restore his Second Amendment rights after a criminal conviction (see Drake v. U.S., 2007 WL 1182847 (E.D. La.); a federal lawsuit seeking damages from an automobile accident (which also named the presiding judge who ruled against him as a defendant; see Von Drake v. Liberty Mut. Automotive Ins. Co., 2006 WL 1075244 (E.D. Tex.); a federal lawsuit against a former employer for discrimination (see Von Drake v. Dana Nat., Inc., 2004 WL 2804894 (N.D. Tex. 2004); a federal lawsuit against a television network for not selecting him as a finalist for a singing competition produced by the *Today Show* (see Von Drake v. National Broadcasting Co., Inc., 2004 WL 1144142 (N.D. Tex.); and a federal civil rights lawsuit against Core, Inc. (see Drake v. Core, Inc., 2002 WL 923922 (N.D. Tex.).

**I.    Drake's Claims Against Gary Loftin.**

On March 20, 2008, Loftin filed a Motion to Stay Discovery and for a Rule 7 Reply. [Doc. No. 25]. The Court granted the motion, and ordered plaintiff to file a Rule 7 Reply that attempted to plead specific facts that address the qualified immunity defense set for in Loftin's Answer no later than May 1, 2008. Plaintiff failed to do so. Accordingly, the Court hereby dismisses plaintiff's claims against defendant Loftin since he failed to comply with an Order of the Court.

**II.    Drake's Claims Against the Rogers.**

**A.    Summary Judgment Standard**

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); see also, Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996). If the nonmovant cannot meet this burden, then "the motion for summary judgment must be granted." Id.

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit

under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

**B.    Law and Analysis.**

Drake alleges that the Rogers destroyed personal property belonging to him which valued over $3,500. [Doc. No. 1 at ¶ 3.10].  He also claims they caused "willful and intentional damages" to his personal property and gave away or sold moveable property which they owned in common. [Id. at ¶ 3.11].  His lawsuit makes state law claims against the Rogers for damages to his property and for intentional infliction of emotional distress [Id. at ¶¶ 4.15 - 4.17].

*1.    Property Damage*

Plaintiff's property damage claim is based on state tort law.  Louisiana Civil Code article 2315(a) provides:  "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."  In order to determine whether liability exists for negligence under the facts of a particular case, Louisiana courts employ a duty/risk analysis.  Under this analysis, plaintiff must prove that: (1) the conduct of the defendants was a cause-in-fact of plaintiff's injury; (2) a duty was imposed by law on the defendants to protect plaintiff from the injury arising under the circumstances of the case; (3) the defendants violated the duty with respect to plaintiff- i.e., the defendants acted unreasonably; and (4) damages were sustained.  Brown v. U.S., 861 F.Supp. 539, 541 (W.D.La.1994)(citations omitted).

Plaintiff has the burden of proving each of these elements.  The defendants' motion for summary judgment contends that plaintiff has no proof to substantiate any of the allegations made in his lawsuit. [Doc. No. 50 at 5].  It was then incumbent upon plaintiff to go beyond his pleadings and present admissible evidence sufficient to create a genuine

issue of material fact. However, plaintiff did not file an opposition or present any evidence in response to the defendants' motion. Since plaintiff failed to come forward with any summary judgment evidence to create a genuine issue of material fact on any of the essential elements of his claim, the Court finds that summary judgment in favor of the defendants is proper as a matter of fact and law.

### 2. *Intentional Infliction of Emotional Distress*

Louisiana law allows a plaintiff to recover for mental anguish suffered as a result of damage to property, but only in limited circumstances: (1) when property is damaged by an intentional or illegal act; (2) when property is damaged by acts for which the tortfeasor will be strictly or absolutely liable; (3) when property is damaged by acts constituting a continuing nuisance; or (4) when property is damaged when the owner is either present or nearby and suffered a psychic trauma as a direct result. In re Air Crash Disaster Near New Orleans, La. on July 9, 1982, 764 F.2d 1084, 1087 (5th Cir. 1985)(citation omitted). "[T]he mental anguish must be a real mental injury. The usual worry over the consequences of property damage (where a plaintiff suffers no direct mental injury from the negligent act) will not justify an award for mental anguish damages." Id. (citation omitted).

Here, plaintiff alleges that the defendants' actions were intentional. However, the defendants contend that plaintiff has no proof to substantiate his allegations. [Doc. No. 50 at 5]. As discussed above, plaintiff has failed to come forward with sufficient summary judgment evidence to create a genuine issue of material fact on the necessary elements of his claim. Accordingly, the Court finds that summary judgment in favor of the defendants is proper as a matter of fact and law.

### III. The Rogers' Claims Against Drake.

In their motion, the Rogers also seek summary judgment on their counterclaim, which seeks damages for the frivolous, harassing and malicious actions of Drake. Drake did not oppose the motion. Accordingly, the Court finds that Drake's suit is frivolous, and that he is liable to the Rogers for damages in the amount of $1,500.00 for his actions. Drake is further warned that if he files another frivolous suit in this Court, the Clerk of Court will be ordered to decline to accept and file any further civil complaints submitted by him *pro se,* unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed.

Therefore:

**IT IS ORDERED** that plaintiff's claims against defendant Gary Loftin are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the defendants' Motion for Summary Judgment [Doc. No. 30] is hereby **GRANTED**, and that plaintiff's claims against defendants Edgar Lynn Rogers and Angela Rogers are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Eric Von Drake is hereby found liable to Edgar Lynn Rogers and Angela Rogers for damages in the amount of $1,500.00 (One thousand, five hundred dollars) for his frivolous filings.

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this 28th day of July, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE